IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID GLENN MOLLISON,

    Petitioner,                      No. CIV S-08-0994 JAM EFB P

    vs.

MATHHEW MARTEL, et al.,

    Respondents.                 FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss on the ground that this action is untimely. For the reasons explained, the motion must be granted.

**I.    Procedural History**

        Petitioner was convicted of rape on June 27, 2003, and sentenced to a term of six years in prison. Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc."), 1. He appealed, and on June 29, 2006, the judgment was affirmed. Lodg. Doc. 2. Petitioner did not file a petition for review in the California Supreme Court.

        Petitioner filed several habeas corpus petitions in California's courts. On April 4, 2005, through counsel, he filed a petition for a writ of habeas corpus in the appellate court. Lodg. Doc. 3. On April 7, 2005, that court denied the writ without prejudice to petitioner filing in the

trial court. Lodg. Doc. 4. Accordingly, on November 21, 2005, counsel filed a petition for a writ of habeas corpus in the trial court. Lodg. Doc. 5. That court denied relief on December 2, 2005, on the ground that petitioner's direct appeal remained pending. Lodg. Doc. 6. It is not clear when, but petitioner's counsel requested reconsideration of the denial. *See* Lodg. Doc. 9, Ex. C. The trial court denied the request on February 9, 2006. *Id.* In a letter dated April 5, 2006, counsel notified petitioner that the trial court had denied the petition. Lodg. Doc. 9, Ex. D. He also informed petitioner that he had requested reconsideration in the trial court, and that the request had been denied. *Id.* Also in that letter, counsel explained that he intended to file a new petition in the appellate court. *Id.* Accordingly, on June 22, 2006, petitioner's counsel filed a second petition for a writ of habeas corpus in the appellate court. Lodg. Doc. 7. That court denied relief on July 20, 2006, explaining, "[t]his court takes judicial notice that petitioner's direct appeal was recently decided by this court. Although we do not sanction the trial court's failure to reach the merits in the first instance, we deny the instant petition without prejudice to petitioner refiling in the superior court." Lodg. Doc. 8. Petitioner's counsel did not notify petitioner of this denial. On August 6, 2007, more than one year after counsel had informed petitioner of his intent to file a new petition in the appellate court, petitioner himself filed a petition for a writ of habeas corpus in the California Supreme Court on August 6, 2007. Lodg. Doc. 9. That court denied relief without explanation or citation on January 30, 2008.

Petitioner filed his federal habeas petition on May 7, 2008.

**II.     Statute of Limitations**

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Since petitioner did not file a petition for review in the California Supreme Court,

the judgment on direct review became final 40 days after the appellate court issued its opinion. Cal. Rules of Court, Rules 8.264, 8.500.

There is no tolling of this one year period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is properly filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002).

Finally, a federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

The one year limitations period may, in some circumstances, be subject to equitable tolling. The United States Supreme Court has recognized that a habeas petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has clarified its own standard as follows:

> The threshold for obtaining equitable tolling is very high, but it applies where a petitioner shows that despite diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing.

*Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

////

////

**III.   Analysis**

Respondent contends that the federal petition is untimely. The starting point of the analysis is when petitioner's conviction became final on direct review. Under California law, petitioner had 40 days, Cal. Rules of Court, Rules 8.264, 8.500, from June 29, 2006, the date the appellate court issued its opinion affirming the judgment of conviction, to file a petition for review in the California Supreme Court. He failed to do so. Thus, the conviction was final on August 9, 2006. Petitioner therefore had until August 10, 2007, to file his federal habeas petition but it was not filed until May 7, 2008. Absent tolling, the petition is untimely.

**A. Statutory Tolling**

Petitioner filed a number of habeas petitions in California's courts. However, with only one exception, all of those habeas applications were filed and denied before the federal limitations period began to run. A motion for postconviction relief in the state court does not toll the limitation period if it is denied before the federal limitation period begins to run. *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008). The single exception was the petition filed in the California Supreme Court on August 6, 2007. By this time, only four days remained in the limitation period. Thus, assuming without deciding that petitioner was entitled to statutory tolling, petitioner had four days from January 30, 2008, the date the California Supreme Court denied relief, to file his federal petition. However, petitioner did not file his federal petition until May 7, 2008, i.e., three months and seven days later. Thus, on these facts, even with statutory tolling the petition is untimely.

The remaining question is whether petitioner is entitled to equitable tolling.

**B. Equitable Tolling**

It is unclear whether petitioner argues that he is entitled to equitable tolling. However, the court construes his opposition as an argument for equitable tolling based on counsel's alleged failure to notify him of the state appellate court's July 20, 2006, denial of relief.

////

The doctrine of equitable tolling serves "to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court," and to "prevent the unjust technical forfeiture of causes of action." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2007) (granting equitable tolling where petitioner, in deciding when to file his federal petition, relied in good faith on binding Ninth Circuit precedent that later was overruled). Thus, "[e]quitable tolling is typically granted when litigants are unable to file timely petitions as a result of external circumstances beyond their direct control." *Harris*, 515 F.3d at 1055. This generally excludes situations in which postconviction counsel has been careless or negligent and the record does not show that the petitioner himself was diligent in protecting his rights. For example, the United States Supreme Court has rejected the argument that a mistake by state postconviction counsel in calculating the limitations period entitles a petitioner to equitable tolling, explaining:

> If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline. Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.

*Lawrence v. Florida*, 549 U.S. 327, 336-337 (2007). Similarly, Ninth Circuit precedent predating *Lawrence* had also held that attorney negligence, in and of itself, was not a circumstance justifying equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (counsel's miscalculation of filing date not a basis for equitable tolling); *Miranda v. Castro*, 292 F.3d 1063, 1068 (9th Cir. 2002) (filing late after relying on appellate counsel's erroneous advice not a basis for equitable tolling). Although counsel ignoring a client and the client's case can give rise to a finding of extraordinary circumstance, *see, e.g., Spytsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003), this does not appear to be the case here. Instead, the allegations here are that counsel failed to communicate information (crucial as it may have proven to be) under circumstances that suggest attorney negligence. In other respects, petitioner's counsel was attentive to the case and it cannot be said that counsel simply ignored

the client and the case. Thus, under *Lawrence* and *Frye* petitioner is not entitled to equitable tolling based upon the attorney negligence alleged here.

Finally, even if counsel's conduct were the type of external circumstance adequate for tolling under *Lawrence,* petitioner's argument for equitable tolling would still fail because he makes no showing that he was diligent. While petitioner filed a new petition in the California Supreme Court on August 6, 2007, he does not explain what he did (if anything) to protect his rights before then. He does not assert that he attempted to contact his attorney or the appellate court about the status of his case. This is somewhat surprising given the previously short intervals between the court's denials of relief and counsel's filings in the higher court, as outlined above. Petitioner does not explain why under these circumstances he did not inquire of counsel or of the appellate court about the status of his petition. In fact, he does not explain how or when he learned that the appellate court denied relief. Therefore, the court cannot determine how long he waited to file in the California Supreme Court. There are no allegations or evidence in the record upon which the court can find that petitioner acted diligently to protect his rights. Therefore, even if counsel's alleged neglect were an external circumstance that prevented the timely filing of his federal habeas petition, petitioner would not be entitled to equitable tolling.

**IV.     Conclusion**

For the reasons explained above, the court finds that petitioner filed his habeas petition after the one-year limitations period expired and he is not entitled to either statutory or equitable tolling. Therefore, respondent's motion must be granted.

Accordingly, it is hereby RECOMMENDED that respondent's February 19, 2009, motion to dismiss this action as untimely be granted and that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

1  to Magistrate Judge's Findings and Recommendations." Failure to file objections within the
2  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
3  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 10, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE